STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-20-14

CLEAN ENERGY FOR ME LLC,

    Plaintiff

v.

                            ORDER

MAINE COMMISSION ON GOVERNMENTAL ETHICS
AND ELECTION PRACTICES,

    Defendant

and

CLEAN ENERGY MATTERS,

    Party in Interest

RECD CUMB CLERKS OF
DEC 22 '20 PM2:13

On December 14, 2010 the court held a hearing over Zoom on the pending appeal and on the motion by plaintiff Clean Energy for ME LLC for a stay. As set forth on the record and in the court's order dated December 14, 2020, plaintiff's motion for a stay was denied.

With respect to the appeal, the initial question is whether the issue is properly before the court. Plaintiff is appealing a May 22, 2020 order of the Commission on Governmental Ethics and Election Practices to authorize its staff to investigate whether plaintiff (referred to in the record and in its pleadings under a d/b/a of "Stop the Corridor" or "STC") qualified as a "ballot question committee" within the meaning of 21-A M.R.S. § 1056-B and was therefore required to file reports pursuant to that section. (R. 185).[1] A "ballot question committee" is an entity that, although not

---

[1] At the same time the Commission voted to seek an understanding of the broad range of STC's activities, to investigate STC's funding and reasons why its funding sources provided financial assistance to STC, and to require STC to provide unredacted documents. (R. 184-85).

qualifying as a political action committee under 21-A M.R.S. § 1052(5), receives contributions or makes expenditures in excess of $5,000 for the purpose of initiating or influencing a campaign relating to a ballot question.

The Commission and party-in-interest Clean Energy Matters argue that this did not constitute final agency action appealable under 5 M.R.S. § 11001(1) because the undertaking of an investigation is a preliminary procedural action that is not independently reviewable. STC responds that it may appeal now because review of a final agency determination as to whether it constituted a ballot question committee would not provide an adequate remedy, citing the final sentence of 5 M.R.S. § 11001(1). This argument is based on STC's contention that, before any final decision is made, the Commission may pursuant to 21-A M.R.S. § 1003(3-A) disclose its investigative working papers, including STC's financial information, if those records are "materially relevant" to a report by the Commission staff or a decision by the Commission. In that case, STC argues, its information could be disclosed before there is a final agency action from which it can appeal.

The statute does not contemplate broad disclosure but rather limited disclosure to the extent materially relevant to a Commission decision or a staff report in connection with a Commission decision. "Materially relevant" means not just relevant but sufficiently important to potentially affect the outcome of a decision. *See, e.g., Day's Auto Body, Inc. v. Town of Medway*, 2016 ME 121 ¶ 6, 145 A.3d 1030. The record reflects that while some limited disclosure may be a theoretical possibility under the statute, the practice of the Commission and the Commission staff is not to make any such disclosure. Instead, disclosure would only occur after STC were found to be a ballot question committee and ordered to file reports – a decision that would be a final agency action subject to appeal before the reports were made public.

2

For that reason, the court concludes that the last sentence of 5 M.R.S. § 11001(1) does not apply to this appeal. The decision of the Commission to undertake an investigation is not final agency action subject to review. Otherwise parties subject to a potential investigation could stall the investigation in its tracks while appealing the initiation of the investigation, undercutting the purpose of the statute to provide timely financial disclosure information to the public from parties seeking to initiate or influence a ballot question campaign.

In the alternative, assuming that STC's appeal is properly before the court, the decision of the Commission is affirmed on the merits.

Pursuant to 21-A M.R.S. § 1003(1) the Commission "may undertake audits and investigations to determine whether a person has violated [chapter 13 of Title 21-A]." Chapter 13 includes the registration and filing requirements for ballot question committees pursuant to 21-A M.R.S. § 1056-B, and "person" is defined to include an organization. 21-A M.R.S. § 1001(3).

STC's argument is that the Commission did not have jurisdiction under § 1003(1) to authorize an investigation of whether STC constituted a ballot question committee because it had previously, in response to a complaint by party in interest Clean Energy Matters, undertaken an investigation under 21-A M.R.S. § 1003(2) of whether STC qualified as a political action committee.[2]

The court can find absolutely no basis in the statute or in the public policy underlying the statute to conclude that the Commission jurisdictionally handcuffed itself from exercising its discretionary authority to commence a ballot question committee investigation by its previous response to the request by Clean Energy Matters. Indeed, contrary to STC's position in this case,

---

[2] Section 1003(2) provides that the Commission "shall" undertake an investigation upon the request of any person when the requestor shows sufficient grounds for believing a violation has occurred.

3

the record demonstrates that counsel for STC twice agreed that the Commission had the authority to broaden its investigation. *See* March 10, 2020 Commission Meeting Tr. 33-34; May 22, 2020 Commission Meeting Tr. 50-51.

STC's final argument is that the Commission's investigation has been rendered moot and must be terminated because of the Law Court's August 13, 2020 decision in *Avangrid Networks Inc. v. Secretary of State,* 2020 ME 109. That decision caused the citizen-initiated resolve to reject the New England Clean Energy Connect Transmission Project to be removed from the ballot at the past election. In support of its argument, STC argues that a Commission staff member was reported in an online publication to have stated that the removal of the referendum question eliminated the need for entities to register and report activities to influence the vote on that referendum.

There are three problems with STC's argument. The first is that the statement by the Commission staff member on which STC relies is not in the record, and the court cannot rely on extra-record hearsay. The second is that the alleged statement by the Commission staff member is not the Commission's position with respect to whether the ballot question committee investigation investigation of STC has been rendered moot.

The third is that, even assuming that the removal of the citizen-initiated resolve meant that after August 13, 2020 there was no longer a referendum campaign that a ballot question committee could seek to influence, ballot question committees are defined as organizations that receive contributions or make expenditures "for the purpose or <u>initiating</u> or influencing a campaign." 21-A M.R.S. § 1056-B(1) (emphasis added). Therefore, if STC qualifies as a ballot question

4

committee, it should have registered and filed reports for time periods in which the signatures were being gathered to "initiate" the campaign.[3]

Just because reports may not be due for the time period after August 13, 2020 in light of the Law Court's *Avangrid* decision, it does not follow that STC – if it qualifies as a ballot question committee– should be excused from filing reports for an earlier time period relating to the initiation of the citizen initiated referendum.

The Law Court has ruled that "the public has an interest in the release of information about the donors behind ballot initiatives," which continued to apply in a case where six years had passed since the referendum campaign in question had ended. *See National Organization for Marriage v. Commission on Governmental Ethics and Election Practices,* 2015 ME 103 ¶ 27, 121 A.3d 792. In the *National Organization for Marriage* case, the Law Court noted that because the ballot initiative in question had occurred so long ago, there was no pressing public interest in disclosure although the Court nevertheless ultimately denied the National Organization for Marriage's request for a stay.

In this case, in contrast, the public interest in disclosure of STC's financial information – if it qualifies as a ballot question committee – is not merely retrospective because it is not disputed that signatures are now being gathered for a second citizen-initiated referendum opposing the New England Transmission Project.

The court finds that that STC's attempt to prevent the Commission from investigating whether STC should file reports as a ballot question committee is without merit.

---

[3] In this case it appears that signature-gathering occurred during an approximate time period beginning in October 2019 and lasting until February 3, 2020.

5

The entry shall be:

1. The Commission's May 22, 2020 decision to investigate whether plaintiff qualifies as a ballot question committee is not final agency action that is appealable under 5 M.R.S. § 11001(1), and plaintiff's appeal is therefore dismissed.

2. In the alternative, to the extent that the Commission's May 22, 2020 decision to investigate whether plaintiff qualifies as a ballot question committee is properly before the court, the Commission's decision is affirmed and plaintiff's appeal is denied.

3. The clerk shall incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: December 22, 2020

Thomas D. Warren
Justice, Superior Court

**Entered on the Docket:** 12/22/20

Plaintiff-James Monteleone, Esq./
Paul McDonald, Esq.
Defendant-Phyllis Gardiner, AAG
PII-Newell Augur, Esq.

6

STATE OF MAINE                              SUPERIOR COURT
CUMBERLAND, ss                              CIVIL ACTION
                                            DOCKET NO. AP-20-14


CLEAN ENERGY FOR ME LLC,

          Plaintiff

v.                                          ORDER


MAINE COMMISSION ON GOVERNMENTAL ETHICS
AND ELECTION PRACTICES,

          Defendant

and                                         RECD CUMB CLERKS OF
                                            DEC 15 '20 AM8:42

CLEAN ENERGY MATTERS,

          Party in Interest


The court held a hearing over Zoom today on the pending appeal and on the motion by

plaintiff Clean Energy for ME LLC for a stay.

The motion for a stay is denied because, assuming this matter is properly before the court,[1]

plaintiff has not demonstrated a likelihood of success on the merits. The court also denies

plaintiff's alternative request to modify or limit the subpoena issued by the Commission (Exhibit

A to plaintiff's motion to stay) because, having reviewed the subpoena again after the hearing, the

court concludes that the information sought appears to be relevant to the question of whether

plaintiff conducted activity that would qualify it as a ballot question committee within the meaning

of 21-A M.R.S. § 1056-B even if not as a political action committee.

---

[1] Counsel for the Commission argues that there is a reason to doubt that issuance of a subpoena
constitutes final and appealable agency action since it was agency action undertaken at the outset of an
investigatory process that has not resulted in an agency decision. Even if the issuance of the subpoena
could have been separately appealed, moreover, plaintiff did not file such an appeal.

As the court stated at the hearing, once again assuming that the issue is properly before the court,[2] it will also affirm the decision of the Commission to undertake an investigation to determine whether plaintiff qualifies as a ballot question committee and will therefore deny plaintiff's appeal. A further order shall be issued with respect to the appeal.

The entry shall be:

Plaintiff's motion for a stay and in the alternative to modify the agency's subpoena is denied. The clerk shall incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: December _14_, 2020

_____
Thomas D. Warren
Justice, Superior Court

Entered on the Docket: _12/15/20_.

Plaintiff-James Monteleone, Esq./
Paul McDonald, Esq.
Defendant-Phyllis Gardiner, AAG
PII-Newell Augur, Esq.

---

[2] On this issue there is a significant question whether the decision of the Commission to undertake an investigation constitutes final agency action appealable under 5 M.R.S. § 11001(1).

2